Judge Roane
pronounced the following opinion of the Court.
“ The Court is of opinion, that there is no error in so much of the decree of the Superior Court of Chancery as reverses that of the County Court with costs ; but that the residue thereof is erroneous, in this that, to entitle the appellees to a decree against the appellant, Jiobert Gibson, they should have proved themselves, in a legal way, to be creditors of Thomas Gibson ; first, by *98 proceeding regularly against him, under the Act of Assembly, as an absentee, which neither appears from the record, nor is stated in either of the decrees to have been done ; and, secondly, by exhibiting legal and sufficient proof of their debt.
“ The deposition of the witness, Anderson, neither appears to have been regularly taken, on due publication of notice to the absentee, Thomas Gibson ; nor does his deposition, as taken, prove any specific sum due, or give any explanation of the bond of said Thomas Gibson, found in the record ; although he is the subscribing witness thereto, and might, perhaps, have gh en a satisfactory account thereof, had he been examined touching the debit, in the account, under date of the twenty-fourth of May, 1803.
“ The decree of the Superior Court of Chancery is also erroneous, in this, that as the appellant does not acknowledge himself a debtor of the absent defendant, but claims the property in dispute as his own, no decree ought to have been pronounced against him, personally, for the payment of money, unless it had appeared that he had consumed, or appropriated, part of the property to his own use, so that the same was not forthcoming, or had derived profits from the use thereof; and then only to the amount of the value of the property so consumed, or appropriated, and of the profits so received; but that if the title of the properly appeared to be in the appellant, though not in a way to be effectual against creditors, or not to be in him at all, but in the absent defendant, (of which this Court gives no opinion,) the Court, afar taking an account (agreeably to the principles before stated) of the sum for which the appellant was personally responsible, ought to have proceeded against the property itself, either by considering the appellant as trustee thereof, for the use of creditors, and directing a sale, unless the debt was paid by a given day ; or by sequestering it (under the Act of Assembly) as the property of ike absentee ; holding it, (in either case,) ultimately, bound for *99 the sum decreed against the appellant personally. Therefore, it is decreed and ordered, that so, much of the said decree of the Superior Court of Chancery, as is before mentioned to be correct, be affirmed; that the residue thereof be reversed and annulled; and that the appellees pay to the appellant his costs by him expended in t]je prosecution of his appeal aforesaid here. And it is ordered that the cause be remanded to the said Court of Chancery, and from thence to the County Court of Prince Edward, to be regularly proceeded in, to a final decree, agreeably to the foregoing principles and opinion.”